BLUE, Chief Judge.
Sally Marlow Schrecker, the former wife, appeals the award of attorney’s fees to Edward D. Schrecker, the former husband. The fees were incurred during the Former Husband’s successful defense against the Former Wife’s motion to set aside the marital settlement agreement. We affirm in part, reverse in part, and remand for further proceedings.
In her initial brief, the Former Wife contended that it was error to award fees because the Former Husband did not request them in his pleadings. After jurisdiction was relinquished so that the record could be reconstructed, it became clear that the Former Husband did request attorney’s fees in bis response to the motion for relief from judgment and to set aside final judgment and to set aside marital settlement agreement. The Former Wife then argued, in her reply brief, that she was denied due process because the Former Husband did not set forth the basis under which he sought fees. She cites no relevant authority.
*240 The Former Husband was entitled to the award of fees based on a provision in the marital settlement agreement, and the trial court properly determined his entitlement. The Former Wife was not deprived of due process. The trial court properly awarded fees for the legal representation provided by attorney James Stearns.
The trial court did err in awarding fees to the Former Husband’s previous attorney, Mark Ossian. As the Former Husband concedes, it was error to award the fees based only on Mr. Ossian’s affidavit.
Accordingly, we affirm the attorney’s fees awarded for Attorney Stearns’ service, reverse the fees awarded for Attorney Ossian’s, and direct the trial court to strike the fees awarded for Mr. Ossian’s services.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and GREEN, JJ., Concur.